ELECTRONICALLY FILED
Jefferson County Circuit Court
Flora Cook-Bishop, Circuit Clerk
2023-May-18  15:29:46
35CV-23-392
C11WD05 : 28 Pages

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## CIVIL DIVISION

**KENNITH OAKLEY VEST, as Special**        **PLAINTIFF**
**Administrator of the Estate of RONALD JAY**
**VEST, DECEASED, and on behalf of the Wrongful**
**Death Benefeciaries**

**v.**          **CASE No. _____**

**TOWE FAMILY FARMS TRUCKING, LLC;**
**TOWE FARMS TRUCKING, LLC;**
**TOWE FARMS, LLC;**
**and DARREN LEE MURDOCK**        **DEFENDANTS**

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Kennith Oakley Vest, as Special Administrator of the Estate of Ronald Jay Vest, Deceased, and on behalf of the Wrongful Death Beneficiaries, by and through his undersigned attorneys, who bring this Complaint against Defendants Towe Family Farms Trucking LLC, Towe Farms Trucking, LLC, Towe Farms, LLC, and Darren Lee Murdock, and alleges and states the following:

### I. INTRODUCTION

1.    This personal injury, wrongful death lawsuit arises out of a motor vehicle collision that occurred on April 21, 2023, at the intersection of AR Highway 367 and Wilbur D. Mills Avenue, in Searcy, White County, Arkansas, causing serious and permanent injuries leading to Ronald Vest's untimely death. Ronald Vest traveled west on Wilbur D. Mills Ave. near its intersection with AR Highway 367/Eastline Rd. At the same time Defendant Darren Murdock, while operating a 2021 Peterbilt tractor trailer, was traveling

north on AR Highway 367/Eastline Rd. near its intersection with Wilbur D. Mills Ave. Defendant Darren Murdock failed to obey the stop sign at the intersection and suddenly and violently crashed into the driver's side of Ronald Vest's vehicle, which led to his death. Kennith Oakley Vest, the biological son of Ronald Jay Vest, was appointed as Special Administrator of Ronald Vest's estate, and Mr. Vest brings claims in that capacity under Arkansas law.

## II. PARTIES

2.     Plaintiff incorporates by reference herein the preceding paragraph as though stated word-for-word.

### A. Plaintiff, Decedent, and Wrongful Death Beneficiaries

3.     Ronald Jay Vest, Deceased, was a resident of White County, Arkansas, when he died on April 21, 2023, as a direct and proximate result of the Defendants' negligence as set forth in detail below.

4.     Ronald Jay Vest is survived by the following: Kennith Oakley Vest (son) and Robert "Bobby" Vest (brother).

5.     Kennith Oakley Vest is an adult, resident citizen of White County, Arkansas, and he has been a resident citizen of Arkansas at all material times referred to hisein.

6.     On April 25, 2023, Kennith Oakley Vest was appointed as Special Administrator of the Estate of Ronald Vest, Deceased.[1]

7.     Kennith Oakley Vest brings this action on behalf of the Estate of Ronald Vest, deceased, and the wrongful death beneficiaries of Ronald Vest, Deceased,

---

[1] Please see **Exhibit 1** for the probate pleadings.

pursuant to common law of the state of Arkansas, the Arkansas Survival of Actions Act[2], the Arkansas Wrongful Death Act[3], and other applicable laws for ordinary negligence and wrongful death.

8.    The known wrongful death beneficiaries of Ronald Vest, Deceased, pursuant to Arkansas Code Annotated §16-62-102(d) are: (1) Kennith Oakley Vest, son and (2) Robert "Bobby" Vest, brother.

## B. Towe Family Farms Trucking, LLC

9.    Defendant, Towe Family Farms Trucking, LLC, is a for-profit Limited Liability Company organized under the laws of Kentucky, with its principal place of business in Kentucky.

10.    Upon information and belief, Towe Family Farms Trucking, LLC is not authorized to do business in the State of Arkansas.

11.    Towe Family Farms Trucking, LLC is an over-the-road interstate motor carrier whose US DOT number is 3889384.

12.    At all times, Towe Family Farms Trucking, LLC had control over the 2021 PeterbiltTractor Trailer, license plate 946652, registered in Kentucky.

13.    Towe Family Farms Trucking, LLC may be served with process in this action by delivering summons and copy of this complaint to its registered agent for service, United States Corporation Agents, Inc., 9900 Corporate Campus Drive, Suite 3000, Meadowbrook Farm, KY 40223.

---

[2] Ark. Code Ann. § 16-62-101.

[3] Ark. Code Ann. § 16-62-102.

14.    Towe Family Farms Trucking, LLC, by and through its subsidiaries, derives substantial revenues from business in Arkansas.

## C. Towe Farms Trucking, LLC

15.    Defendant, Towe Farms Trucking, LLC, is a for-profit Limited Liability Company organized under the laws of Arkansas, with its principal place of business in Arkansas.

16.    Upon information and belief, Towe Farms Trucking, LLC is authorized to do business in the State of Arkansas.

17.    Towe Farms Trucking, LLC is an over-the-road interstate motor carrier whose US DOT number is 1894010.

18.    At all times, Towe Farms Trucking, LLC had control over the 2021 PeterbiltTractor Trailer, license plate 946652, registered in Kentucky.

19.    Towe Farms Trucking, LLC may be served with process in this action by delivering summons and copy of this complaint to its registered agent for service, United States Corporation Agents, Inc., 70 N. College Ave. #14-F, Fayetteville, AR 72701.

20.    Towe Farms Trucking, LLC, by and through its subsidiaries, derives substantial revenues from business in Arkansas.

## D. Towe Farms, LLC

21.    Defendant, Towe Farms, LLC, is a for-profit Limited Liability Company organized under the laws of Arkansas, with its principal place of business in Arkansas.

22.    Upon information and belief, Towe Farms, LLC is authorized to do business in the State of Arkansas.

23.    Towe Farms, LLC is an over-the-road interstate motor carrier whose US DOT number is 1522670.

24.    At all times, Towe Farms, LLC had control over the 2021 PeterbiltTractor Trailer, license plate 946652, registered in Kentucky.

25.    Towe Farms, LLC may be served with process in this action by delivering summons and copy of this complaint to its registered agent for service, James Towe, 214 E Hoardley Road, White Hall, AR 71602.

26.    Towe Farms, LLC, by and through its subsidiaries, derives substantial revenues from business in Arkansas.

### E. Darren Lee Murdock

27.    At the time of the Subject Collision, Defendant  Darren Lee Murdock resided in Pine Bluff, Arkansas, and he was a citizen of Arkansas at the time of the crash.  Darren Murdock may be served at his place of residence, 4009 Palmer Rd., Pine Bluff, Arkansas 71603.

28.    Defendant Murdock drove the tractor-trailer which struck and killed Mr. Vest.

29.    One or all Defendants employed Defendant Murdock.

30.    Unless otherwise specified, Towe Family Farms Trucking LLC, Towe Farms Trucking, LLC, and Towe Farms, LLC will collectively be referred to as the "Towe Defendants" herein.

31.    At all times material hereto, each Defendant was acting as the agent and employee of each and every other defendant and was acting in the course and scope of that agency and employment.

32.     Furthermore, the mergers, sales, and acquisitions of the various Defendants named above transferred both corporate assets and liabilities through to the successor corporations and/or partnerships. The above-named Defendants are liable for the acts and omissions, including but not limited to negligence and damages as pled below, of their subsidiaries, agents, employees, and/or servants of said Defendants and for their parent and principal.  At all times relevant hereto, the above-named Defendants acted through their duly authorized subsidiaries, agents, employees, and/or servants who were acting within the scope of their employment and/or agency and in furtherance of the Defendants' business, whether through its principal or subsidiary.

33.     Finally, upon information and belief, the acts of Defendants were conducted in concert pursuant to an agreement amongst themselves to act in a collective manner. All defendants, therefore, are jointly and severally liable for the acts complained of herein.

### III. JURISDICTION AND VENUE

34.     Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

### A. Jurisdictional Facts regarding All Defendants

35.     This Court has jurisdiction over the subject matter of this lawsuit pursuant to Art. 2 § 7 which guarantees Arkansas citizens access to Arkansas courts and juries.

36.     Jurisdiction is proper under Ark. Code Ann. § 16-13-201, which states that circuit courts shall have original jurisdiction of all actions and proceedings for the enforcement of civil rights or the redress of civil wrongs, except when exclusive jurisdiction is given to othis courts. Jurisdiction is also proper under Ark. Const., Amend. 80, § 6, which states that circuit courts shall have jurisdiction in all civil cases.

37.     This Court has general personal jurisdiction over the Defendants because Defendants Towe Farms Trucking, LLC and Towe Farms, LLC are organized under the laws of Arkansas and they each have their principal place of business in Arkansas.

38.     This Court has general personal jurisdiction over the Defendants because Defendant Murdock lived in Arkansas at the time of the crash.

39.     This Court has specific personal jurisdiction over the Defendants because the Defendants committed tortious acts in Arkansas, including, but not limited to, the personal injury that is the subject of this litigation.

40.     When assessing specific personal jurisdiction, the Court's first step "is to determine whether the connection between the forum and the episode-in-suit could justify the exercise of specific jurisdiction" because courts have the "ability to hear claims against out-of-state defendants when the episode-in-suit occurred in the forum or the defendant purposefully availed itself of the forum,"[4] and this case far exceeds that threshold.

41.     The affiliation between the Arkansas forum and the episode-in-suit warrants specific jurisdiction, which is properly exercised based on an "affiliation between the forum and the underlying controversy [such as] an occurrence that takes place in the forum"[5] (like the location of the crash and death in this controversy) so long as the fairness factors are met.[6]

---

[4] *Daimler AG v. Bauman*, 134 S. Ct. 746, 755, 762 (2014).

[5] *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1780 (2017).

[6] *Gibbs v. PrimeLending*, 2011 Ark. 255, 381 S.W.3d 829 (citing *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)); *John Norrell Arms, Inc. v. Higgins*, 332 Ark. 24, 962 S.W.2d 801 (1998).

42.     When assessing specific personal jurisdiction, the Court's second step "is to consider several additional factors to assess the reasonableness of entertaining the case."[7]

43.     When a corporation "purposefully avails itself of the privilege of conducting activities within the forum State … it has clear notice that it is subject to suit there [and if] the sale of a product of a manufacturer ... is not simply an isolated occurrence, but arises from the efforts of the manufacturer ... to serve *directly or indirectly,* the market for its product in other States, it is not unreasonable to subject it to suit in one of those States if its allegedly defective merchandise has there been the source of injury to its owner or to others,"[8] and this aptly describes Defendant Towe Family Farms Trucking, LLC's relationship with Arkansas.

44.     Where a nonresident defendant "'purposefully derive[s] benefit from their interstate activities … it may well be unfair to allow them to escape having to account in other States for consequences that arise proximately from such activities [because] the Due Process Clause may not readily be wielded as a territorial shield to avoid interstate obligations that have been voluntarily assumed,"[9] and Defendant Towe Family Farms Trucking, LLC has purposefully obtained such benefits.

---

[7] *Daimler AG*, 134 S. Ct. at 762.

[8] *See World–Wide Volkswagen v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

[9] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473–74, 105 S. Ct. 2174, 2182–83 (1985).

45.    A nonresident defendant is subject to personal jurisdiction under the Arkansas long-arm statute to the maximum extent permitted by the Due Process of Law Clause of the Fourteenth Amendment of the United States Constitution.[10]

46.    The Arkansas Supreme Court has considered three factors in determining whether due process requirements have been satisfied when personal jurisdiction has been exercised over a nonresident defendant.  Those three factors[11] include:

      a.  A defendant must purposefully avail himself of privilege of acting in forum statue or causing a consequence in forum state;

      b.  Cause of action must arise from or relate to defendant's contacts with forum state; and

      c.  Acts of defendant or consequences caused by defendant must have substantial enough connection with forum state to make exercise of personal jurisdiction over defendant reasonable.

47.    As outlined in this Complaint, all three factors have been satisfied for all nonresident Defendant Towe Family Farms Trucking, LLC in this action.

48.    Furthermore, there is no burden on Defendant Towe Family Farms Trucking, LLC to litigate this civil action in the Arkansas forum where the crash occurred.

49.    Arkansas has an interest in adjudicating this dispute which occurred in Arkansas, which involved the assessment of conduct that occurred in Arkansas, and which significantly injured people using Arkansas roads.

50.    Plaintiff's interest in obtaining convenient and effective relief militates in favor of litigating in the Arkansas forum where the witnesses to the immediate post-crash investigation are located.

---

[10] A.C.A. § 16-4-101.

[11] *Lawson v. Simmons Sporting Goods, Inc.*, 2019 Ark. 84; 569 S.W.3d 865 (2019).

51.    The exercise of specific personal jurisdiction over Defendants pursuant to the Arkansas long-arm statute is consistent with the Due Process Clause and the principles of fundamental fairness by virtue of Defendants doing business in Arkansas.

52.    Defendants committed the torts at issue in this case where the causation of damages is an element of the tort and that element occurred in Arkansas.

53.    Defendants engage in such continuous, systematic behavior in Arkansas, and Defendants continually conduct business in Arkansas that each separate Defendant is "at home" in Arkansas.

54.    Defendants purposefully avail themselves of the privilege and opportunity to conduct business in Arkansas.

55.    Because Defendants purposefully derive benefit from its interstate activities, it would be unfair to allow Defendants to escape having to account in Arkansas for consequences that arise proximately from Defendants' interstate activities.

56.    Allowing the Defendants to escape jurisdiction would improperly allow Defendants to wield the Due Process Clause as a territorial shield to avoid interstate obligations that Defendants have voluntarily assumed.

**B. Venue**

57.    Venue is proper under Ark. Code Ann. § 16-60-101(a), which states that all actions for damages for personal injury shall be brought in (1) the county in which a substantial part of the event or omissions giving rise to the cause of action accrued; (2) the county where an individual defendant resided at the time of the event or omission giving rise to the cause of action; or (3) in the county in which the plaintiff resided at the time of the event or omissions giving rise to the cause of action. This case meets the

second scenario enumerated in this statute because Defendant Murdock resided in Jefferson County at the time of the event or omission giving rise to the cause of action.

58.      Venue is proper to the other Defendants under Ark. Code Ann. §16-60-101(e).

59.      This action is not removable to federal court because Plaintiffs assert no federal claim or cause of action.

60.      Furthermore, this action is not removable to federal court because there is no complete diversity of citizenship as Plaintiff, Decedent, Defendant Towe Farms Trucking, LLC, Defendant Towe Farms, LLC, and Defendant Murdock are citizens of the forum State of Arkansas.  Thus, removal based on diversity of citizenship is improper under 28 U.S.C. §§1441(b)(2).[12]

## IV. FACTUAL ALLEGATIONS

61.      Plaintiff incorporates by reference herein the preceding paragraphs.

62.      On April 21, 2023, Darren Lee Murdock, was operating a 2021 Peterbilt tractor, with Kentucky License Plate # 946652 and pulling a trailer with Kentucky License Plate # F1F267, while in the course and scope of his employment with the Towe Defendants.[13]

63.      Defendant Murdock failed to obey the stop sign at the intersection of AR Highway 367 and Wilbur D. Mills Avenue, in Searcy, White County, Arkansas and his heavy tractor-trailer crashed with full force into the driver's side of Ronald Vest's truck.

64.      The crash occurred on or about 8:31 pm on April 21, 2023.

---

[12] *M & B Oil, Inc. v. Federated Mut. Ins. Co.*, No. 21-3817 (8th Cir. 2023). The Eighth Circuit held "without complete diversity, there is no 'original jurisdiction.' 28 U.S.C. §1441(a)."

[13] Please see ¶30 for the full names of the Towe Defendants.

65.     Below are sequential representations of how the crash occurred:





66.     VI represents Mr. Ronald Vest's vehicle, and VI represents Mr. Vest after being ejected post-crash.

67.     V2 represents the commercial vehicle Defendant Murdock drove at the time of the crash.

68.     At all times, Mr. Ronald Vest operated his vehicle in a safe and prudent manner.

69.     As result of Defendants' reckless disregard for the safety of others on the public roadway, Mr. Ronald Vest passed away.

## V. CAUSES OF ACTION

### A. FIRST CAUSE OF ACTION – DIRECT NEGLIGENCE BY THE TOWE DEFENDANTS[14]

70.     Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

71.     The injuries and death resulted from the negligence of the Towe Defendants who owed a duty to Mr. Vest to use reasonable care in the operation of their commercial vehicle on a public roadway at the time of the subject crash.

72.     The Towe Defendants had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under circumstances similar to those described herein. The injuries and wrongful death made the basis of this suit were proximately caused by the Towe Defendants' negligence, carelessness, and reckless disregard of said duty.

---

[14] Please see ¶30 for the full names of the Towe Defendants.

73.    The Towe Defendants' negligence, carelessness, and reckless disregard of its duty consisted of the following acts and omissions, based on the information currently available to the Plaintiff:

a.    The Towe Defendants' driver failed to maintain a proper lookout;

b.    The Towe Defendants' driver was distracted while driving;

c.    The Towe Defendants' driver was intoxicated and/or under the influence;

d.    The Towe Defendants' driver was distracted by his cell phone, email, or othis communications while driving;

e.    The Towe Defendants' driver failed to control the speed of their vehicle;

f.    The Towe Defendants' driver failed to properly exercise control of their vehicle;

g.    The Towe Defendants' driver failed to maintain a safe distance between his vehicle and the vehicle in front of him;

h.    The Towe Defendants' driver failed to timely apply the brakes to avoid the collision;

i.    The Towe Defendants' driver failed to adhere to posted traffic signs; and

j.    Other negligent acts.

74.    Furthermore, the Towe Defendants are liable for negligence in one or more of the following respects:

a.    Failing to properly train its drivers, agents, employees or other individuals acting on its behalf;

b.    Failing to have or properly implement policies or procedures to prevent distracted driving;

c.    Failing to have or properly implement policies or procedures to prevent driving while impaired by drugs or alcohol;

d.    Failing to have or properly implement policies or procedures to prevent cell phone or mobile device use while driving;

e.      Failing to have a safety person, or a dedicated safety person, to design or implement policies against distracted driving, including but not limited to eating, drinking, and use of mobile devices for communications;

f.      Failing to properly supervise its drivers, agents, employees or othis individuals acting on its behalf;

g.      Failing to hire competent and qualified drivers to drive and operate its vehicles;

h.      Failing to administer a vision test to its drivers, agents, employees or othis individuals acting on its behalf;

i.      Failing to follow State laws and regulations;

j.      Failing to follow their own safety guidelines, policies and procedures;

k.      Failing to supervise and properly instruct its drivers, agents, employees or othis individuals acting on its behalf to safely navigate Arkansas public roadways and follow the safety laws in place at the time of the incident;

l.      The Towe Defendants were negligent in their undertaking of the training and supervision of Mr. Murdock;

m.      The Towe Defendants failed to properly maintain the subject truck; and

n.      Other negligent acts.

75.      Each of these acts and omissions, singularly or in combination with others, constituted negligence and proximately caused the occurrence made the basis of this action, including the injuries and damages complained of herein.

76.      As a direct and proximate result of the collision and the wrongful and negligent acts and/or omissions of the Towe Defendants, Ronald Vest suffered, *inter alia,* severe and permanent injuries, past, present, and future lost wages and loss of earning capacity, conscious physical and emotional pain, suffering and mental anguish, past, present, and future medical costs, including care-taking expenses, and other damages in excess of the amount required for federal diversity jurisdiction. Kennith Vest and other

heirs suffered, *inter alia*, pecuniary injuries; past, present, and future significant mental anguish; and other damages in excess of the amount required for federal diversity jurisdiction.

## B. SECOND CAUSE OF ACTION – NEGLIGENT ENTRUSTMENT BY THE TOWE DEFENDANTS[15]

77.     Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

78.     The Towe Defendants are liable for negligent entrustment for providing and entrusting a reckless and unfit driver with a dangerous instrumentality owned by and under the control of the Towe Defendants.

79.     The vehicle that struck Mr. Vest was negligently entrusted to Defendant Murdock.

80.     The Towe Defendants knew or should have known of Defendant Murdock's unfit, reckless, and incompetent driving abilities, as a company/employer in the same or similar would have conducted a simple driving history of their entrusted agent.

81.     Each of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and the serious injuries and resulting damages complained of herein.

82.     As a direct and proximate result of the collision and the wrongful and negligent acts and/or omissions of the Towe Defendants, Ronald Vest suffered, *inter alia,* severe and permanent injuries, past, present, and future lost wages and loss of earning capacity, conscious physical and emotional pain, suffering and mental anguish, past, present, and future medical costs, including care-taking expenses, and other damages in

---

[15] Please see ¶30 for the full names of the Towe Defendants.

excess of the amount required for federal diversity jurisdiction. Kennith Vest and other heirs suffered, *inter alia*, pecuniary injuries; past, present, and future significant mental anguish; and other damages in excess of the amount required for federal diversity jurisdiction.

## C. THIRD CAUSE OF ACTION – NEGLIGENT HIRING, SUPERVISION, TRAINING AND RETENTION OF THE TOWE DEFENDANTS[16]

83.    Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

84.    The Towe Defendants breached their duty to the public by failing to ascertain the qualifications and competence of their employees/agents, especially in light of Defendant Murdock's engagement in an occupation that required skill and could be hazardous to others. Therefore, the Towe Defendants are liable for the negligent hiring, supervision, training, and retention of an incompetent and unfit employee/agent that, by the exercise of reasonable care in conducting a simple driving history, the Towe Defendants should have known to be incompetent and unfit, thereby creating an unreasonable risk of harm to others.

85.    Each of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and the injuries and resulting damages complained of herein by the Plaintiff.

86.    As a direct and proximate result of the collision and the wrongful and negligent acts and/or omissions of the Towe Defendants, Ronald Vest suffered, *inter alia,* severe and permanent injuries, past, present, and future lost wages and loss of earning

---

[16] Please see ¶30 for the full names of the Towe Defendants.

capacity, conscious physical and emotional pain, suffering and mental anguish, past, present, and future medical costs, including care-taking expenses, and other damages in excess of the amount required for federal diversity jurisdiction. Kennith Vest and other heirs suffered, *inter alia*, pecuniary injuries; past, present, and future significant mental anguish; and other damages in excess of the amount required for federal diversity jurisdiction.

## D. FOURTH CAUSE OF ACTION – NEGLIGENCE OF DEFENDANT DARREN LEE MURDOCK

87.    Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

88.    Defendant Murdock owed a duty to keep a proper lookout for the safety of Ronald Vest and others, both before and at the time of the collision.

89.    At the time of the collision, Defendant Murdock violated this duty by failing to obey a posted stop sign.

90.    At the time of the collision, Defendant Murdock violated this duty of keeping his vehicle under proper control, which needlessly caused serious and permanent personal injury to Ronald Vest, leading to his death.

91.    Defendant Murdock owed a duty to keep his vehicle under proper control for the safety of Ronald Vest and others, both before and at the time of the collision.

92.    At the time of the collision, Defendant Murdock violated this duty of keeping his vehicle under proper control, which needlessly caused serious and permanent personal injury to Ronald Vest, leading to his death.

93.    Defendant Murdock owed a duty to drive his vehicle in such a manner as to not indicate a wanton disregard for the safety of Ronald Vest and others, bothbefore and at the time of the collision.

94.    At the time of the collision, Defendant Murdock violated this duty of driving his vehicle in such a manner as to not indicate a wanton disregard, which needlessly caused serious and permanent personal injury to Ronald Vest, leading to his death.

95.    Defendant Murdock owed a duty to use ordinary care for the safety of Ronald Vest and others, both before and at the time of the collision.

96.    At the time of the collision, Defendant Murdock violated this duty of using ordinary care, which needlessly caused serious and permanent personal injury to Ronald Vest, leading to his death.

97.    Defendant Murdock owed a duty to stay alert and to drive attentively for the safety of Ronald Vest and others, both before and at the time of the collision.

98.    At the time of the collision, Defendant Murdock violated this duty of staying alert and driving attentively, which needlessly caused serious and permanent personal injury to Ronald Vest, leading to his death.

99.    As a direct and proximate result of the collision and the wrongful and negligent acts and/or omissions of Defendant Murdock, Ronald Vest suffered, *inter alia,* severe and permanent injuries, past, present, and future lost wages and loss of earning capacity, conscious physical and emotional pain, suffering and mental anguish, past, present, and future medical costs, including care-taking expenses, and other damages in excess of the amount required for federal diversity jurisdiction. Kennith Vest and other heirs suffered, *inter alia*, pecuniary injuries; past, present, and future significant mental

anguish; and other damages in excess of the amount required for federal diversity jurisdiction.

## VI. CAUSATION OF THE LIFE-ALTERING CATASTROPHIC INJURIES AND WRONGFUL DEATH DAMAGES TO RONALD VEST AND THE WRONGFUL DEATH BENEFICIARIES

100.    Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

101.    The injuries and damages sustained by Ronald Vest and Plaintiff individually and on behalf of the Wrongful Death Beneficiaries more particularly described below, were produced in a natural and continuous sequence from the Defendants' violations of one or more of the above-described independent duties to use ordinary care for the safety of Ronald Vest.

102.    The injuries and damages sustained by Ronald Vest and Plaintiff individually and on behalf of the Wrongful Death Beneficiaries were a probable consequence from the Defendants' violations of one or more of the above-described independent duties to use ordinary care for the safety of Ronald Vest.

103.    Defendants should have foreseen and anticipated that a violation of one or more of the above-described independent duties to use ordinary care and follow the safety rules would constitute an appreciable risk of harm to others, including Ronald Vest..

104.    If Defendants had not violated one or more of the above-described independent duties to use ordinary care and to follow the safety rules for the safety of Ronald Vest, then the life-altering and catastrophic injuries and wrongful deathdamages to Ronald Vest and Plaintiff individually and on behalf of the Wrongful Death Beneficiaries, would not have occurred.

## VII. VICARIOUS LIABILITY

105.    Defendant Murdock, who negligently operated the Towe Defendants' tractor-trailer, was acting within the course and scope of his employment with the Towe Defendants. Because said employee was acting within the course and scope of his employment with the Towe Defendants, Plaintiff hereby invokes the common law doctrine of vicarious liability and seeks to hold the master/employer liable for the acts and/or omissions of its servant/employee/agent/apparent agent.

106.    Each of these acts and/or omissions, whether taken singularly or in any combination, constitute negligence, and proximately caused the injuries and damages as specifically set forth herein, all of which Plaintiff suffered and will continue to suffer in the future.

## VIII. RESPONDEAT SUPERIOR

107.    Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

108.    At the time of the incident made the basis of this lawsuit, Defendant Murdock, who was driving the Towe Defendants' tractor-trailer at the time of the incident, was engaged in the course and scope of his employment with the Towe Defendants. Therefore, the Towe Defendants are responsible and liable for the conduct of their employees based on the doctrine of *Respondeat Superior*.

## IX. CAUSATION OF PLAINTIFFS' INJURIES AND DAMAGES

109.    Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

110.    The injuries and damages sustained by Plaintiff, the Decedent, and the Wrongful Death Beneficiaries, more particularly described below, were produced in a natural and continuous sequence from Defendants' violations of one or more of the above-described independent duties to use ordinary care for the safety of Plaintiff, the Decedent, and the Wrongful Death Beneficiaries.

111.    The injuries and damages sustained by Plaintiff, the Decedent, and the Wrongful Death Beneficiaries were a probable consequence from the Defendants' violations of one or more of the above-described independent duties to use ordinary care for the safety of Plaintiff, the Decedent, and the Wrongful Death Beneficiaries.

112.    Defendants should have foreseen and anticipated that a violation of one or more of the above-described independent duties to use ordinary care and follow the safety rules would constitute an appreciable risk of harm to others, including Plaintiff, the Decedent, and the Wrongful Death Beneficiaries.

113.    If Defendants had not violated one or more of the above-described independent duties to use ordinary care and to follow the safety rules for the safety of Plaintiff, the Decedent, and the Wrongful Death Beneficiaries, then the injuries and damages would not have occurred.

## X. COMPENSATORY DAMAGES

114.    Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

115.    Kennith Oakley Vest, as Special Administrator of the Estate of Ronald Vest, Deceased, is entitled to recover compensation for the Estate's survivorship claims for injuries and damages suffered by the decedent, Ronald Vest, as a result of Defendants'

breach of the duty of ordinary care. Such damages include, but are not limited to, the following elements of damages:

    a.    The value of Ronald Vest's loss of life;

    b.    Conscious pain and suffering experienced in the past until Ronald Vest's death;

    c.    The value of funeral and burial expenses; and

    d.    Medical expenses incurred in the past and transportation expenses to obtain such medical treatment until Ronald Vest's death.

116.    Kennith Oakley Vest, as Special Administrator of the Estate of Ronald Vest, Deceased, represents the Estate of the Deceased and also the decedent's statutory class of wrongful death beneficiaries, and is entitled to recover the following elements of wrongful death damages:

    a.    Pecuniary injuries, including but not limited to, loss of the value of Ronald Vest's life; loss of future earnings, and the present value of the loss of earning capacity in the future; the loss of future services to be tendered by him for the companionship as well as all othis damages to which the estate may be entitled as to be determined by a jury, sustained by the wrongful death statutory beneficiaries; and

    b.    Significant mental anguish and grief sustained in the past and reasonably probable to be sustained in the future associated by the loss of their loved one by the statutory beneficiaries.

## XI. AMOUNT OF DAMAGES

117.    Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

118.    The damages alleged in this case are in excess of the minimum amount required for federal court jurisdiction in diversity of citizenship cases, for which Plaintiff should be awarded a judgment against the Defendants in an amount to fully and fairly

compensate him and the Wrongful Death Beneficiaries for each and every element of damages that have been suffered.

## XII. PUNITIVE DAMAGES

119.    Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

120.    Plaintiffs are entitled to recover punitive damages in accordance with Arkansas law, based upon the Defendants' complete indifference to and conscious disregard for the safety of Plaintiffs and others, causing or contributing to catastrophic and permanent injuries. The Defendants' wanton and reckless acts and omissions occurred under circumstances where their conduct, in total disregard of the consequences, would naturally and probably result in injury or damages to Plaintiffs. The Defendants knew or should have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in catastrophic and serious injury, and they continued this conduct with malice and wanton and reckless disregard for the consequences of its actions for which punitive damages should be awarded.

121.    In addition to actual, special, consequential, and compensatory damages, Plaintiffs demand a judgment against Defendants for punitive damages in an amount necessary and sufficient to deter Defendants from the above-described conduct and to punish Defendants for their willful, wanton, gross, flagrant, reckless, outrageous, and egregious conduct.

122.    Specifically, Towe Family Farms Trucking LLC was itself willful and wanton in its conduct, including its failure to train, supervise and control Defendant Murdock and

its tractor trailer, as Towe Family Farms Trucking LLC had notice or could have foreseen that Defendant Murdock would act willfully, wantonly, or with conscience indifference.

## XIII. DEMAND FOR JURY TRIAL

123.   Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

124.   Plaintiff demands a jury trial for all issues of fact presented by this action.

## XIV. RESERVATION OF ADDITIONAL CLAIMS

125.   Plaintiff incorporates by reference herein the preceding paragraphs as though stated word-for-word.

126.   Plaintiff reserves the right to plead further upon completion of discovery to state additional claims and to name additional parties to this action.

WHEREFORE, Plaintiff prays that after a jury trial of this action that he be awarded the following:

A.   A judgment against Defendant in such an amount that will fully and fairly compensate him and the Wrongful DeathBeneficiaries for all of the above-described damages and in an amount in excess of that required for federal court jurisdiction in diversity of citizenship cases;

B.   A judgment and verdict against Defendants awarding exemplar or punitive damages as permitted by law;

C.   All costs expended herein including attorneys' fees and any expert costs and fees as permitted by law;

D.   A pre- and post-judgment interest award against Defendants to compensate for loss of money and to the extent of and for the reasons permitted by law; and

E.   All other proper relief to which Plaintiff may be entitled in the premises.

Respectfully submitted,

Joseph Gates, Bar No. 2010239
**Gates Law Firm, PLLC**
2725 Cantrell Road, Suite 105
Little Rock, AR 72202
Phone: (501) 779-8091
Fax: (479) 269-9788
Email: Gates@GatesLawPLLC.com

By: _____
Joseph Gates